UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO.:

|  |  |
|---|---|
| ROMAN SCHWARTZ, LEV SHVARTS, and ALEXANDER SHVARTS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KEOLIS COMMUTER SERVICES, LLC, and UNUM CORPORATION d/b/a UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

This matter involves the unfortunate and premature death of Sofiya Schwartz and her employer and insurer's attempts to deny her husband of forty years and two sons life insurance benefits.

Sofiya and Roman Schwartz married in 1976 in the Soviet Union. They immigrated to the United States in 1989, after being granted refugee status by the United States due to discrimination and religious persecution in the Soviet Union. Sofiya Schwartz became a software engineer for the Massachusetts Bay Commuter Railroad Company and later Keolis Commuter Services, LLC. In 2014, she enrolled in supplemental group life insurance so that her husband and two sons would be provided for in the event of her death. Although her employer confirmed Sofiya's enrollment and deducted premium payments from her paychecks, after Sofiya became ill with cancer and subsequently passed away in 2015, Unum Corporation denied her husband and sons' claim for benefits.

Unum alleges that Keolis should not have enrolled Sofiya in the plan.  However, Keolis was the Plan Administrator and solely determined eligibility, thus binding it to this determination through its ERISA-based fiduciary duties.  Likewise, Unum breached its fiduciary duties and abused its discretion in denying Sofiya's family's claim for benefits.

## PARTIES

1. Plaintiff, Roman Schwartz, is an individual residing at 288 Parker Street, Newton Center, Massachusetts 02459.

2. Plaintiff, Alexander Shvarts, is an individual residing at 62 Grant Street, Waltham, Massachusetts 02452.

3. Plaintiff, Lev Shvarts, is an individual residing in Willow, Alaska.

4. Defendant, Keolis Commuter Services, LLC ("Keolis") is a foreign limited liability company registered with the Massachusetts Secretary of State's Corporations Division, authorized to conduct business in Massachusetts, with a principal place of business at 470 Atlantic Avenue, Boston, Massachusetts 02210.

5. Defendant, Unum Corporation, d/b/a Unum Life Insurance Company of America ("Unum") is a foreign corporation registered with the Massachusetts Secretary of State's Corporations Division, authorized to transact insurance business in Massachusetts, with a principal place of business in Portland, Maine.

## JURISDICTION AND VENUE

6. This action is authorized and instituted under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

7. This Court has subject matter jurisdiction over this action is under the requirements of 29 U.S.C. §§ 1002(8) and 1132(a)(1).

8.      Venue for this action is proper in the U.S. District Court for the District of Massachusetts because two of the Plaintiffs reside and the negligent acts and omissions occurred in Massachusetts.

## FACTS

9.      Sofiya Schwartz was the wife of plaintiff Roman Schwartz.  The two married in 1976 in the Soviet Union and immigrated to the United States in 1989.

10.     Sofiya and Roman Schwartz had two sons, plaintiffs Alexander and Lev Shvarts, who are now aged 32 and 36.

11.     Although Sofiya Schwartz did not work immediately when she arrived in the United States, she quickly obtained work as a coder and analyst for Mount Auburn Hospital.  In 2005, Sofiya began to work for the Massachusetts Bay Commuter Rail which operated rail lines for the Massachusetts Bay Transportation Authority ("MBTA").

12.     Roman Schwartz began to work shortly after arriving in the United States, and he recently retired after working 18 years at Fidelity.

13.     The MBTA is an independent political subdivision of the Commonwealth of Massachusetts, created by G.L. c. 161A, § 1 *et. seq.*, with broad powers to establish transit facilities and provide mass transportation services to the Commonwealth.  The MBTA oversees bus, subway, commuter rail, and ferry routes in greater Boston.

14.     To provide commuter rail services, the MBTA contracts with private management companies to manage, operate, and maintain the commuter rail routes.

15.     The MBTA utilizes a procurement system to award the rail contracts to qualified bidders.  Pursuant to that procurement system, in 2002, the MBTA awarded the contract to

operate the commuter rail to the Massachusetts Bay Commuter Railroad Company ("MBCR"). MBCR operated the commuter rail from July 2003 through June, 2014.

16.     MBCR hired Sofiya Schwartz on February 28, 2005 to work as a software programmer.  After being hired, Sofiya Schwartz enrolled in MBCR's Basic Group Life Insurance policy with Unum, which provided benefits equal to one time her salary.

17.     In addition, Sofiya Schwartz sought additional coverage and benefits under Supplemental Group Life Insurance coverage on December 15, 2008.  Because this was not an open enrollment period, Sofiya Schwartz had to submit to a medical examination.

18.     After conducting the medical examination, Unum's medical underwriting department sent Sofiya an adverse decision letter on March 16, 2009 citing her history of myelopathy as the basis Unum denied her application.

19.     Unum's medical underwriting department sent a copy of the adverse decision letter to MBCR.

20.     Because MBCR's contract with the MBTA was set to expire in 2014, the MBTA requested proposals from qualified bidders to enter into a new contract to operate the commuter rail.

21.     MBCR and Keolis, two entirely different companies, both submitted bids, and on or about January 8, 2014, the MBTA awarded the contract to Keolis.

22.     Unhappy with the results of the bid solicitation process, the MBCR filed a bid protest appealing the MBTA's award of the contract to Keolis.  MBCR subsequently instituted a civil action against the MBTA seeking to enjoin its award of the commuter rail contract to Keolis.  On or about March 17, 2014, the MBTA upheld is award of the contract to Keolis.

23. Keolis began operating the commuter rail on July 1, 2014, and it hired Sofiya Schwartz on that date as a Software Application Specialist with a starting salary of $110,400.00.

24. As condition of her employment, Sofiya Schwartz executed an Authorization for Release of Employment Records allowing MBCR to disclose employment information to Keolis including, but not limited to, benefit information.

25. Keolis also opened participation in its employer-sponsored insurance plan (the "Plan") to Sofiya Schwartz.

26. On or about November 12, 2014, Sofiya Schwartz submitted to Keolis her application for Supplemental Group Life Insurance with Unum for four times her salary (the "Policy"). Sofiya Schwartz named her husband, Roman Schwartz and sons Alexander and Lev Shvarts as beneficiaries under the policy.

27. Because it was open enrollment, Keolis accepted the application, and it began deducting premium payments of $82.86 from Sofiya Schwartz's paychecks.

28. On January 15, 2015, Sofiya Schwartz specifically confirmed her enrollment and benefit amount from her employer. She e-mailed Keolis to confirm that the $82.86 deduction was "for 4 times supplemental life insurance." (*See* Tab 1).

29. Keolis confirmed her enrollment and benefit amount on January 16, 2015, when it e-mailed Sofiya specifically confirmed her enrollment and benefit amount stating that "[t]he 82.86 deduction is correct for the four times your salary." (*See* Tab 1).

30. Not long after this exchange, Sofiya Schwartz learned she had cancer. While she worked as much as she could after learning she had the disease, she passed away on August 28, 2015.

31. After her death, Keolis again confirmed that Sofiya Schwartz had coverage under the Supplemental Life Insurance. On September 3, 2015, Keolis informed Plaintiffs that Sofiya Schwartz "has a life insurance policy for $500,000 (life insurance limit) with the company."

32. On or about October 13, 2015, Unum paid benefits pursuant to Sofiya Schwartz's Basic Group Life Insurance policy of one time Sofiya Schwartz's salary, or $111,000.00.

33. On or about October 19, 2015, Unum denied Plaintiffs' benefits under Sofiya Schwartz's Supplemental Group Life Insurance policy.

34. Unum denied Plaintiffs' benefits claims allegedly because Sofiya Schwartz had previously been denied Supplemental Group Life Insurance coverage in March 2009, when she worked at MBCR. As an explanation, Unum stated that "[t]here is no record of Sofiya enrolling in Supplemental Group Life Insurance coverage again after her original request in December 2008."

35. Unum denied Plaintiffs' benefits claims allegedly because "[t]here is no record of any additional requests from Sofiya for Supplemental Life Insurance coverage, or any approvals under this policy."

36. Despite its large size and legions of lawyers, Unum apparently does not understand basic corporate law as it denied Plaintiffs' benefits claims allegedly because Keolis and MBCR were the same company. According to it, Keolis was merely MBCR's "new name."

37. Unum received Plaintiffs' appeal of Unum's denial on November 3, 2015.

38. On or about November 19, 2015, Unum upheld Unum's denial of Plaintiffs' claim.

39. Plaintiffs have exhausted their administrative remedies under the Plan.

40. Although Keolis attempted to refund the premiums Keolis and Unum had accepted to provide coverage for Sofiya Schwartz, Plaintiffs refused to accept the refund check.

## COUNT I

### Breach of Fiduciary Duty under 29 U.S.C. §§ 1104(a)(1)(B) and 1132(a)(1)(B) v. Keolis

41. Plaintiffs hereby restate and re-allege all paragraphs as if expressly set forth herein.

42. Sofiya Schwartz participated in an employee benefit plan administered by Keolis.

43. The Plan meets the definition of an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1).

44. Sofiya Schwartz named Plaintiffs as beneficiaries under the Policy, and Keolis was the designated Plan Administrator.

45. Under the terms of the Plan, Unum delegated its authority to make eligibility determinations to Keolis.

46. Under this arrangement, Unum did not independently verify Keolis's monthly determinations or employee eligibility and corresponding premiums.

47. Keolis was acting as a fiduciary of the Plan as defined by 29 U.S.C. §§ 1102(a)(2) and/or 1002(21)(A) when it approved Sofiya Schwartz's application, withdrew premiums from her paycheck, and confirmed her enrollment via e-mail.

48. Keolis was required to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a similar character and aims.

7

49. Keolis owed fiduciary duties to Sofiya Schwartz and to Plaintiffs, as participant and beneficiaries in the Plan, respectively.

50. Keolis breached its fiduciary duties when it allowed Sofiya Schwartz to enroll in Keolis's Supplemental Group Life Insurance plan, encouraged her to believe she was eligible for and was covered under the Plan, and deducted premiums from her salary to pay for the Plan, when Keolis knew or should have known that Sofiya may not be eligible to participate in the Plan.

51. Keolis's enrollment of Sofiya Schwartz in the Plan, if done erroneously as it later claimed, binds Keolis to that determination.

52. As a result of Keolis's breach, Plaintiffs suffered damages in the amount of the Policy.

WHEREFORE, Plaintiffs demand that this Court enforce the terms of the Plan and Sofiya Schwartz's Policy and enter judgment in their favor against Keolis, for five hundred thousand dollars ($500,000.00), together with costs, interest, and reasonable attorneys' fees and any further and additional relief that this Court deems appropriate under the circumstances.

## COUNT II

### Breach of Fiduciary Duty under 29 U.S.C. §§ 1104(a)(1)(B) and 1132(a)(1)(B) v. Unum (in the alternate)

53. Plaintiffs hereby restate and re-allege all paragraphs as if expressly set forth herein.

54. Sofiya Schwartz participated in an employee benefit plan administered by Unum.

55. The Plan meets the definition of an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1).

56. Sofiya Schwartz named Plaintiffs as beneficiaries under the Policy, and Unum was the Plan Administrator.

57. Unum was acting as a fiduciary of the Plan as defined by 29 U.S.C. §§ 1102(a)(2) and/or 1002(21)(A).

58. Unum was required to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a similar character and aims.

59. Unum owed fiduciary duties to Sofiya Schwartz and to Plaintiffs, as participant and beneficiaries in the Plan, respectively.

60. Unum breached its fiduciary duties when it allowed Sofiya Schwartz to enroll in Keolis's Supplemental Group Life Insurance plan when Unum knew or should have known that Sofiya may not be eligible to participate in the Plan.

61. Unum's enrollment of Sofiya Schwartz in the Plan, if done erroneously as it later claimed, binds Unum to that determination.

62. As a result of Unum's breach, Plaintiffs suffered damages in the amount of the Policy.

WHEREFORE, Plaintiffs demand that this Court enforce the terms of the Plan and Sofiya Schwartz's Policy and enter judgment in their favor against Unum, for five hundred thousand dollars ($500,000.00), together with costs, interest, and reasonable attorneys' fees and any further and additional relief that this Court deems appropriate under the circumstances.

## COUNT III

**Breach of Fiduciary Duty under 29 U.S.C. §§ 1104(a)(1)(B) and 1132(a)(3)(B) v. Keolis**

63.     Plaintiffs hereby restate and re-allege all paragraphs as if expressly set forth herein.

64.     Sofiya Schwartz participated in an employee benefit plan administered by Keolis.

65.     The Plan meets the definition of an "employee welfare benefit plan" as defined under 29 U.S.C. §§ 1102(a)(2) and 1002(21)(A).

66.     Sofiya Schwartz named Plaintiffs beneficiaries under the Policy, and Keolis was the designated Plan Administrator.

67.     Under the terms of the plan, Unum delegated its authority to make eligibility determination to Keolis.

68.     Under this arrangement, Unum did not independently verify Keolis's monthly determinations or employee eligibility and corresponding premiums.

69.     Keolis was acting as a fiduciary of the Plan as defined by 29 U.S.C. §§ 1102(a)(2) and/or 1002(21)(A) when it approved Sofiya Schwartz's application, withdrew premiums from her paycheck, and confirmed her enrollment via e-mail.

70.     Keolis was required to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a similar character and with like aims.

71.     Keolis owed fiduciary duties to Sofiya Schwartz and to Plaintiffs, as participant and beneficiaries in the Plan, respectively.

72. Keolis represented to Sofiya Schwartz and Plaintiffs that Sofiya Schwartz had Supplemental Group Life Insurance coverage up to and after the time of Sofiya's death.

73. Sofiya Schwartz paid and Keolis accepted premiums for coverage for Sofiya Schwartz up until her death.

74. Keolis represented to Sofiya Schwartz that she was a participant in the Plan.

75. Keolis confirmed via e-mail that Sofiya Schwartz was a participant in the Plan.

76. Unbeknownst to Sofiya Schwartz, she allegedly was not eligible to participate in the Plan due to Unum's previous denial when she was employed by MBCR.

77. Keolis had access to Sofiya Schwartz's MBCR employment records including but not limited to benefit information and knew or should have known of Unum's previous denial.

78. Because Sofiya Schwartz believed she had life insurance coverage and was participating in the Plan, Sofiya did not purchase different insurance.

79. As a result of Keolis's breach of its fiduciary duties, Plaintiffs suffered damages in an amount equal to the benefits they otherwise would have received under the Plan or would have received under a new individual policy had Sofiya been given the opportunity to purchase such a policy.

80. Keolis's breach of its fiduciary duties proximately caused actual harm, injury, and loss to Plaintiffs, which harm cannot be remedied absent equitable or remedial relief as the Court may deem necessary.

WHEREFORE, Plaintiffs demand surcharge, i.e. make-whole relief pursuant to §1132(a)(3) and judgment in their favor against Keolis, for five hundred thousand dollars ($500,000.00), together with costs, interest, and reasonable attorneys' fees and any further and additional relief that this Court deems appropriate under the circumstances.

## COUNT IV

### Breach of Fiduciary Duty under 29 U.S.C. §§ 1104(a)(1)(B) and 1132(a)(3)(B) v. Unum (in the alternate)

81. Plaintiffs hereby restate and re-allege all paragraphs as if expressly set forth herein.

82. Sofiya Schwartz participated in an employee benefit plan administered by Unum.

83. The Plan meets the definition of an "employee welfare benefit plan" as defined under 29 U.S.C. §§ 1102(a)(2) and 1002(21)(A).

84. Sofiya Schwartz named Plaintiffs beneficiaries under the Policy, and Unum was the Plan Administrator.

85. Unum was acting as a fiduciary of the Plan as defined by 29 U.S.C. §§ 1102(a)(2) and/or 1002(21)(A) when it approved Sofiya Schwartz's application and accepted her premiums.

86. Unum was required to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a similar character and with like aims.

87. Unum owed fiduciary duties to Sofiya Schwartz and to Plaintiffs, as participant and beneficiaries in the Plan, respectively.

88. Sofiya Schwartz paid and Unum accepted premiums for coverage for Sofiya Schwartz up until her death.

89. Unum represented to Sofiya Schwartz that she was a participant in the Plan.

90. Unbeknownst to Sofiya Schwartz, she allegedly was not eligible to participate in the Plan due to Unum's previous denial when she was employed by MBCR.

91. Because Sofiya Schwartz believed she had life insurance coverage and was participating in the Plan, Sofiya did not purchase different insurance.

92. As a result of Unum's breach of its fiduciary duties, Plaintiffs suffered damages in an amount equal to the benefits they otherwise would have received under the Plan or would have received under a new individual policy had Sofiya been given the opportunity to purchase such a policy.

93. Unum's breach of its fiduciary duties proximately caused actual harm, injury, and loss to Plaintiffs, which harm cannot be remedied absent equitable or remedial relief as the Court may deem necessary.

WHEREFORE, Plaintiffs demand surcharge, i.e. make-whole relief pursuant to §1132(a)(3) and judgment in their favor against Unum, for five hundred thousand dollars ($500,000.00), together with costs, interest, and reasonable attorneys' fees and any further and additional relief that this Court deems appropriate under the circumstances.

## COUNT V

### Breach of Fiduciary Duty under 29 U.S.C. §§ 1104(a)(1)(B) and 1132(a)(1)(B) v. Unum

94. Plaintiff hereby restates and re-alleges all paragraphs as if expressly set forth herein.

95. The Policy at issue meets the definition of an "employee welfare benefit plan" under 29 U.S.C. § 1002(1).

96. Unum was acting as a fiduciary of the Plan as defined by 29 U.S.C. §§ 1102(a)(2) and/or 1002(21)(A) when it denied the Plaintiffs' claims for Plan benefits.

97. Unum denied Plaintiffs' benefits claims allegedly because Sofiya Schwartz had previously been denied Supplemental Group Life Insurance coverage in March, 2009 when she worked for MBCR.

98. Unum denied Plaintiffs' benefits claims allegedly because "[t]here is no record of Sofiya enrolling in Supplemental Group Life Insurance coverage again after her original request in December 2008" when she worked for MBCR.

99. Unum denied Plaintiffs' benefits claims allegedly because "[t]here is no record of any additional requests from Sofiya for Supplemental Life Insurance coverage, or any approvals under this policy."

100. Unum denied Plaintiffs' benefits claims allegedly because Keolis and MBCR were the same company and Keolis was merely MBCR's "new name."

101. Unum breached its fiduciary duties and abused its discretion when it wrongfully denied Plaintiffs' claims based on the erroneous assertion that Sofiya Schwartz did not enroll in Supplemental Group Life Insurance coverage after her original request in December 2008 when she worked for MBCR.

102. Sofiya Schwartz enrolled in Supplemental Group Life Insurance on November 12, 2014 when she worked for Keolis.

103. Unum breached its fiduciary duties and abused its discretion when it wrongfully denied Plaintiffs' claims based on the erroneous assertion that MBCR and Keolis were the same company, when it is undisputed that they are not.

104. Unum's denial of Plaintiffs' claims under the plan was not based on a deliberate, principled reasoning process or substantial evidence.

105. Unum's denial of Plaintiffs' entitlement to Plan benefits was arbitrary, capricious, and an abuse of its discretion.

106. As a result of Unum's breach of its fiduciary duties and abuse of discretion, Plaintiffs suffered damages in the amount of the Policy.

WHEREFORE, Plaintiffs demand that this Court enforce the terms of the Plan and Sofiya Schwartz's Policy and enter judgment in their favor against Keolis, for five hundred thousand dollars ($500,000.00), together with costs, interest, and reasonable attorneys' fees and any further and additional relief that this Court deems appropriate under the circumstances.

## COUNT VI

**Breach of Fiduciary Duty under 29 U.S.C. §§ 1104(a)(1)(B) and 1132(a)(3)(B) v. Unum**

107. Plaintiff hereby restates and re-alleges all preceding paragraphs as if expressly set forth herein.

108. The Policy at issue meets the definition of an "employee welfare benefit plan" under 29 U.S.C. § 1002(1).

109. Unum was acting as a fiduciary of the Plan as defined by 29 U.S.C. §§ 1102(a)(2) and/or 1002(21)(A) when it denied the Plaintiffs' claims for Plan benefits.

110. Unum denied Plaintiffs' benefits claims allegedly because Sofiya Schwartz had previously been denied Supplemental Group Life Insurance coverage in March 2009 when she worked for MBCR.

111. Unum denied Plaintiffs' benefits claims allegedly because "[t]here is no record of Sofiya enrolling in Supplemental Group Life Insurance coverage again after her original request in December 2008" when she worked for MBCR.

112. Unum denied Plaintiffs' benefits claims allegedly because "[t]here is no record of any additional requests from Sofiya for Supplemental Life Insurance coverage, or any approvals under this policy."

113. Unum denied Plaintiffs' benefits claims allegedly because Keolis and MBCR were the same company and Keolis was merely MBCR's "new name."

114. Unum breached its fiduciary duties and abused its discretion when it wrongfully denied Plaintiffs' claims based on the erroneous assertion that Sofiya Schwartz did not enroll in Supplemental Group Life Insurance coverage after her original request in December 2008 when she worked for MBCR.

115. It is undisputed that Sofiya Schwartz enrolled in Supplemental Group Life Insurance on November 12, 2014 when she worked for Keolis.

116. Unum breached its fiduciary duties and abused its discretion when it wrongfully denied Plaintiffs' claims based on the erroneous assertion that MBCR and Keolis were the same company when it is undisputed that they are not.

117. Unum's denial of Plaintiffs' claims under the plan was not based on a deliberate, principled reasoning process or substantial evidence.

118. Unum's denial of Plaintiffs' entitlement to Plan benefits was arbitrary, capricious, and an abuse of its discretion.

119. Unum's breach of its fiduciary duties and abuse of discretion proximately caused actual harm, injury, and loss to Plaintiffs, which harm cannot be remedied absent equitable or remedial relief as the Court may deem necessary.

WHEREFORE, Plaintiffs demand surcharge, i.e. make-whole relief pursuant to §1132(a)(3) and judgment in their favor against Unum, for five hundred thousand dollars

($500,000.00), together with costs, interest, and reasonable attorneys' fees and any further and additional relief that this Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury on all counts so triable.

Respectfully Submitted,
Roman Schwartz, Lev Shvarts, and
Alexander Shvarts,
By their attorneys,

/s/ David R. Kerrigan
David R. Kerrigan, Esq. BBO #550843

/s/ Amanda J. Cox
Amanda J. Cox, Esq. BBO #670186

Kenney & Sams, P.C.
225 Turnpike Road
Southborough, MA 01772
Telephone: 508.490.8500
Facsimile:  508.490.8501
E-Mail: dkerrigan@kandslegal.com
E-Mail: ajcox@kandslegal.com

Dated: July ___, 2016